CENTRAL R. & BANKING CO. OF GEORGIA v. FARMERS' LOAN & TRUST CO. et al. FARMERS' LOAN & TRUST CO. et al. v. CENTRAL R. & BANKING CO. OF GEORGIA et al. (CHARLESTON & W. C. RY. CO. et al., Interveners).

(Circuit Court of Appeals, Fifth Circuit. February 18, 1902.)

No. 1,087.

**1. CORPORATION—POWER TO MAKE GUARANTY.**
    The Central Railroad & Banking Company of Georgia, which was given by its charter full banking powers, which it exercised, had power thereunder to guaranty the bonds of a railroad company of which it owned a majority of the stock, where such guaranty was made for its own purpose and advantage.

**2. TRUSTS—REPUDIATION BY TRUSTEE—RECOVERY OF FUND.**
    A corporation which assumed the duties of a trustee of a sinking fund created by another corporation for the benefit of its bondholders, and received such fund, will not be permitted by a court of equity to withhold it from those to whom it belongs, or who have claims against it, on the ground that it had no power to act as trustee.

**8. BONDS—RIGHTS OF TRANSFEREE.**
    The validity of negotiable bonds issued and sold to bona fide purchasers for value is not affected in the hands of a subsequent holder, because an intermediate owner could not have enforced the same.

Appeal from the Circuit Court of the United States for the Eastern Division of the Southern District of Georgia.

This is an appeal prosecuted from a decree passed by the United States circuit court for the Southern district of Georgia (116 Fed. 700), on the inter-

vention of the Charleston & Western Carolina Railway Company and Robert S. Adams in the consolidated equity causes in said court entitled "The Central Railroad & Banking Company of Georgia against the Farmers' Loan & Trust Company et al.," and "The Farmers' Loan & Trust Company et al. against the Central Railroad & Banking Company of Georgia et al." The decree appealed from adjudges to said interveners the amounts which they claim to be due them upon certain second mortgage bonds of the Port Royal & Augusta Railway Company. The railway company just named executed on May 1, 1882, a second mortgage on its property to the Central Railroad & Banking Company of Georgia to secure an issue of second mortgage bonds. The Central Railroad & Banking Company of Georgia indorsed on each of said bonds its obligation to pay the principal and interest of said bonds in case of default by the Port Royal & Augusta Railway Company, and accepted the trusteeship of a sinking fund for the redemption of the bonds. This fund was to consist of annual payments to be made to the Central Railroad & Banking Company of Georgia by the Port Royal & Augusta Railway Company, and of interest thereon, which the former was to allow. The bonds are now past due. Before their maturity the Port Royal & Augusta Railway Company became insolvent, its property was sold under a decree of the United States circuit court for the district of South Carolina, and, as the proceeds of the sale were absorbed by prior incumbrances, nothing was realized on the bonds in question. The Central Railroad & Banking Company of Georgia owned a majority of the stock and a large number of the bonds of the Port Royal & Augusta Railway Company, and had guarantied many bonds of other railroad companies in the same manner that it had guarantied the bonds in question. All holders of the second mortgage bonds of the Port Royal & Augusta Railway Company were called upon, by orders of said United States circuit court for the district of South Carolina, to come in and prove their bonds. Seventy-nine of the bonds then proven were subsequently purchased by Samuel Thomas and Thomas F. Ryan at par and accrued interest. These were afterwards transferred by them at full cost to the Charleston & Western Carolina Railway, one of the present appellees; and Robert S. Adams, who is the other appellee herein, then proved two bonds, which then belonged, and still belong, to him. The Central Railroad & Banking Company of Georgia was placed in the hands of receivers by the United States circuit court for the Southern district of Georgia, and, in pursuance of a certain "plan of reorganization," all the assets and property of the Central Railroad & Banking Company of Georgia were transferred to the Central of Georgia Railway Company, as is stated more fully in the case of Railway Co. v. Paul, 35 C. C. A. 639, 93 Fed. 878. In the said receivership proceedings, by order of the court, certain properties of the Central Railroad & Banking Company of Georgia, which were free from mortgage, were sold, and the proceeds formed a fund, which is referred to as the "Overflow Fund." This fund was turned over to the new corporation. An order of court was passed calling on all persons having claims on said fund to come forward and prove their claims. The appellees filed their intervention, praying that their bonds, with interest, be paid out of the said overflow fund, and that in default of such payment out of said fund the Central of Georgia Railway Company be decreed to pay said bonds and interest. The master reported in their favor, and the court affirmed the report, decreeing that the interveners be paid as by them prayed. From this decree the Central of Georgia Railway Company and the Central Railroad & Banking Company of Georgia have appealed.

H. C. Cunningham and Alex. R. Lawton, for appellants.

A. P. Wright and A. T. Smythe, for appellees.

Before McCORMICK and SHELBY, Circuit Judges, and PARLANGE, District Judge.

PARLANGE, District Judge. The record in this cause is voluminous, but the issues are simple. The purpose of the interveners is to

recover on the guaranty of their bonds by the Central Railroad & Banking Company of Georgia, and also on the bonds themselves, as entitled to share in the sinking fund provided for these bonds and received by the Central Railroad & Banking Company of Georgia. The appellants urge that the Central Railroad & Banking Company of Georgia had no power to guaranty the bonds. Apart from the judicial admissions of liability made by the Central Railroad & Banking Company of Georgia on similar guaranties in the receivership proceedings, but in other pleadings than those in this particular cause, and apart from judicial action had in the proceedings in which those judicial admissions were made, we are clearly of opinion that the Central Railroad & Banking Company of Georgia had power under its charter to guaranty the bonds in question. It had full banking powers, which it used without any doubt or suspicion as to their validity. It seems that at one time it did the largest banking business in Georgia. The guaranty was made for its own purpose and advantage. It dominated and controlled the Port Royal & Augusta Railway Company, as it did several other railroad corporations. Under circumstances similar to those of the guaranty in this cause, it guarantied other bonds of railroad corporations for an amount aggregating millions of dollars, and the bonds were put in circulation without any doubt of the validity of their guaranty.

It is immaterial whether there be force or not in appellants' contention that the Central Railroad & Banking Company of Georgia had no power to make itself the trustee of the sinking fund. It is evident that, that corporation having received the fund, a court of equity will not allow it to be withheld to the detriment of those to whom it belongs or who have claims upon it.

The appellants make an attack upon the doctrine announced by this court in the case of Railway Co. v. Paul, 35 C. C. A. 639, 93 Fed. 878. This court was, and still is, perfectly satisfied with the conclusion it reached in that cause. That conclusion has since been additionally fortified by the decision of the supreme court in the case of Louisville Trust Co. v. Louisville, N. A. & C. R. Co., 174 U. S. 684, 19 Sup. Ct. 827, 43 L. Ed. 1130. The appellants contend that there can be no recovery in this cause by reason of fraud. They argue, as we understand them, that, if the reorganization of the Central Railroad & Banking Company of Georgia was a fraud, the bonds in question became stricken with nullity when they came into the hands of Thomas and Ryan, who were principal participants in the fraud, and that the Charleston & Western Carolina Railway Company, one of the present interveners, being a transferree from Thomas and Ryan, cannot recover on the bonds because Thomas and Ryan could not have recovered upon them. Substantially, what this court held in the Paul Case was that, because of the reorganization, the Central of Georgia Railway Company is liable for the claims of the unsecured creditors of the Central Railroad & Banking Company of Georgia. There was no connection between the bonds in question and the reorganization which could have affected them injuriously. The scope and effect of the decision in the Paul Case was to protect the rights of the class of creditors to which the interveners belong, and we do not see how it

was believed that a deduction could be drawn from the decision which would have defeated, instead of benefiting, the creditors in this cause. Upon this question of fraud the learned judge below said in his opinion:

"We have not been able to discover in this record any evidence of fraud on the part of Thomas and Ryan which, if they were the present holders, would deny them payment for these bonds."

He further said:

"We refrain from discussing the alleged fraud in the reorganization of the Central Railroad & Banking Company of Georgia, referred to by counsel. Counsel on either side had much to say about this supposititious fraud, and yet on both sides they protested that there was no fraud. This discussion seems superfluous, and, in view of the mutual protestations, not a little mystifying and vague. Certainly, nothing was said on this topic to affect the right of the interveners to have their bonds paid from the unpledged property set apart by the order of the circuit court for creditors of the class to which they belong."

On this point, it is sufficient to say that the bonds now held by the Charleston & Western Carolina Railway Company were originally issued to parties who acquired them years ago, for full value, and whose good faith has in no manner been questioned. Therefore, under a well-established doctrine, it is clear that the Charleston & Western Carolina Railway Company can claim and recover on the title of the persons who transferred the bonds to Thomas and Ryan. As for the intervener R. S. Adams, he was one of the original bona fide purchasers at the time of the issue, and has held his bonds ever since then.

There is no virtue in the contention that certain former debts or liabilities of the Central Railroad & Banking Company of Georgia, now paid or satisfied, should be allowed to prorate in the overflow fund. It may be well to notice in this connection that the main question in this cause is whether the appellants are liable to the interveners for their bonds, and, as we hold that they are, the means by which payment is to be made would seem to be of little practical importance in the end.

The answer to the complaint that the interveners, instead of resorting to the procedure of an intervention, should have filed a bill in equity, is that the interveners came in by the invitation and upon the call of the court, and that the appellants have had the opportunity, of which they have fully availed themselves, of presenting their defenses; and, besides, a stipulation in this cause, entered into between the counsel, estops the appellants from objecting to the interveners' form of procedure.

After a careful consideration of this cause, we find no error in the decree appealed from, and the same is therefore affirmed, with costs.